UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHRYN KMETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV1004 FRB |
| | ) |
| PERMACEL ST. LOUIS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Kathryn Kmetz's Motion to Remand (Docket No. 11). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On July 2, 2008, plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri, alleging that the various negligent acts of her employer, defendant Permacel St. Louis, Inc.; its parent company, defendant Permacel Automotive; and her supervisor, defendant Matthew LaBrayere, caused her to be pulled into a rubber machine at her employment and to sustain injuries as a result. On July 10, 2008, with the consent of defendant LaBrayere, defendants Permacel St. Louis and Permacel Automotive removed the matter to federal court, invoking this Court's federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(b). Plaintiff now requests that this cause be remanded to state court, arguing that her Petition does not allege a federal cause of action and raises only state law claims of negligence. For the following reasons, plaintiff's motion

should be denied.

Federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction had the suit initially been filed in federal court. 28 U.S.C. § 1441(b); Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). Because defendants removed this case to federal court, they bear the burden of establishing jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 968 (8th Cir. 2005).

In this cause, removal is based on federal question jurisdiction. In such circumstances, the "well-pleaded complaint" rule generally governs, which provides that federal jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded Complaint. Krispin, 218 F.3d at 922. A narrow exception to this general rule is the doctrine of "complete preemption," under which "the preemptive force of certain federal statutes is deemed so 'extraordinary' as to convert complaints purportedly based on the preempted state law into complaints stating federal claims from their inception." Id. (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).

Defendants argue that because plaintiff invokes an alleged violation of a labor union agreement as a basis upon which to find defendants negligent in this cause, Section 301 of the Labor Management Relations Act completely preempts plaintiff's state law claims in this action and federal jurisdiction is proper.

It is well established that Section 301 of the Labor

Management Relations Act, 29 U.S.C. § 185 (LMRA), completely preempts state law claims, including tort claims, that involve the interpretation and application of a collective bargaining agreement.[1] United Steelworkers of America v. Rawson, 495 U.S. 362, 368-69 (1990). As such, an action that in substance charges a violation of a collective bargaining agreement may be removed to federal court, even though the Petition itself does not include a federal cause of action. Allis-Chalmers v. Lueck, 471 U.S. 202, 214 (1985). The Supreme Court has held that this must be so, for

> [i]f the policies that animate § 301 are to be given their proper range, . . . the pre-emptive effect of § 301 must extend beyond suits alleging contract violations. These policies require that "the relationships created by [a collective-bargaining] agreement" be defined by application of "an evolving federal common law grounded in national labor policy."

Id. at 210-11 (quoting Bowen v. United States Postal Serv., 459 U.S. 212, 224-25 (1983)).

It does not follow, however, that any state tort suit brought by an employee covered by a collective bargaining agreement

---

[1]Section 301 provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

is preempted by the LMRA. Federal preemption is driven by the need to ensure

> that the meaning given a contract phrase or term be subject to uniform federal interpretation. Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.

Allis-Chalmers, 471 U.S. at 211.

Tort claims that do not implicate these federal interests are not preempted. The test is whether the tort claim is "inextricably intertwined with consideration of the terms of the labor contract." Id. at 213.

The determination of whether a state law claim is preempted by federal labor-contract law is to be made on a case-by-case basis. However, "when resolution of a state-law clam is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." Allis-Chalmers, 471 U.S. at 220 (internal citation omitted).

Against this backdrop, the undersigned now turns to whether plaintiff's state law tort claim of negligence is preempted by the LMRA.

In her Petition, plaintiff claims that while working at her employment at Permacel St. Louis, Inc., she was pulled into a rubber

machine and was severely and permanently injured as a result. Plaintiff contends that the conditions which created this workplace accident were caused by the following negligent acts committed by all defendants:

- A) Defendant failed to properly train Plaintiff on the inherently dangerous equipment, including identification and use of the emergency cutoff.

- B) Defendant failed to properly supervise Plaintiff, including identification and use of the emergency cutoff, though Defendant was aware that there was a high degree of certainty that injury would occur.

- C) Defendant improperly required workers on the manufacturing line to operate at an excessive speed to save funds and increase output.

- D) *Defendant failed to properly satisfy the union agreement with regard to seniority, training and supervision.*

- E) Defendant improperly altered the equipment.

(Petn. at pp. 3, 4-5, 6.) (Emphasis added.)

A reading of plaintiff's Petition shows that to address her state law claims of negligence relating to workplace safety, the collective bargaining agreement would need to be consulted, interpreted and analyzed to determine whether and to what extent defendants' alleged negligent actions violated a duty owed to plaintiff, and specifically, the duty to provide a safe work environment. Plaintiff herself avers in her memorandum supporting the instant motion that she specifically invoked the union agreement as "an element of her state-law claims" and that the agreement is referenced in her

Petition "merely . . . as a means of creating duty, the violation of which may constitute negligence under Missouri law." (Pltf.'s Memo. in Supp., Docket No. 12, at p. 4.) Inasmuch as plaintiff contends that the source of defendants' duty to provide a safe working environment is the union agreement, the determination of whether defendants' alleged violation of this duty – and any remedy therefor – would appear to be substantially dependent upon analysis of the terms of the union agreement made between the parties. <u>Allis-Chalmers</u>, 471 U.S. at 220.

The undersigned has carefully considered plaintiff's claims as alleged in her Petition and the basis upon which the matter was removed to this Court, and finds that the defendants have demonstrated by a preponderance of the evidence that evaluation of plaintiff's claims will require substantive analysis and interpretation of the terms of the labor agreement such that Section 301 of the LMRA provides this Court federal question jurisdiction over the claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kathryn Kmetz's Motion to Remand (Docket No. 11) is denied.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  _20th_  day of October, 2008.