UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATHRYN KMETZ,               )
                             )
              Plaintiff,     )
                             )
       v.                    )    No.  4:08CV1004 FRB
                             )
PERMACEL ST. LOUIS, INC., et al.,  )
                             )
              Defendants.    )

## MEMORANDUM AND ORDER

Presently pending before the Court is defendants' Motion for Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction (Doc. #17). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff originally filed this action in the Circuit Court of the City of St. Louis, Missouri, alleging that the various negligent acts of her employer, defendant Permacel St. Louis, Inc.; its parent company, defendant Permacel Automotive; and her supervisor, defendant Matthew LaBrayere, caused her to be pulled into a rubber machine at her employment and to sustain injuries as a result.[1] Because plaintiff's Petition also alleged a violation of a labor union agreement as a basis upon which to find defendants negligent in this cause, defendants removed the matter to this

---

[1]Plaintiff filed her original Petition on May 19, 2008. Plaintiff's First Amended Petition, filed July 2, 2008, is the Petition presently pending before this Court.

Court on the basis of this Court's federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(b); 29 U.S.C. § 185, Section 301 of the Labor Management Relations Act (LMRA). On October 20, 2008, plaintiff's Motion to Remand was denied. Defendants now move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) arguing that Missouri's workers' compensation law and the LMRA preclude plaintiff's claims. Plaintiff has responded to the motion to which defendants have replied.

Rule 12(c) allows a party to move for judgment on the pleadings after responsive pleadings have been filed. Fed. R. Civ. P. 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.") When addressing a motion under Fed. R. Civ. P. 12(c), the Court applies the same standard as that applied when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 11 (6th Cir. 1987) (collecting cases)); Klutho v. New Day Fin., LLC, 522 F. Supp. 2d 1174, 1176 (E.D. Mo. 2007). The Court must assume that all factual allegations of the Petition are true and must construe those allegations in favor of the plaintiff. Klutho, 522 F. Supp. 2d at 1176 (citing Neitzke v. Williams, 490 U.S. 319, 326 (1989)). In doing so, however, the Court does not "blindly accept the legal conclusions drawn by the pleader from the facts." Westcott, 901

F.2d at 1488.  While the motion will succeed or fail based upon the allegations contained on the face of the Petition, <u>McAuley v. Federal Ins. Co.</u>, 500 F.3d 784, 787 (8th Cir. 2007), the factual allegations must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." <u>Faibisch v. University of Minn.</u>, 304 F.3d 797, 803 (8th Cir. 2002).

The pleadings before the Court consist of plaintiff's First Amended Petition, the defendants' Answers, and all exhibits attached thereto.  Fed. R. Civ. P. 10(c).  It is from these pleadings that the Court determines whether defendants are entitled to judgment as a matter of law.

In her First Amended Petition, plaintiff claims that on or about February 3, 2005, while working at her employment at Permacel St. Louis, Inc., she was pulled into a rubber machine and was severely and permanently injured as a result.  Plaintiff contends that the conditions which created this workplace accident were caused by the following negligent acts committed by all defendants:

> A)  Defendant failed to properly train Plaintiff on the inherently dangerous equipment, including identifi- cation and use of the emergency cutoff.

B) Defendant failed to properly supervise Plaintiff, including identification and use of the emergency cutoff, though Defendant was aware that there was a high degree of certainty that injury would occur.

C) Defendant improperly required workers on the manufacturing line to operate at an excessive speed to save funds and increase output.

D) Defendant failed to properly satisfy the union agreement with regard to seniority, training and supervision.

E) Defendant improperly altered the equipment.

(Petn. at paras. 6, 12, 17.)

Plaintiff also alleges that the defendants breached their personal duty of care owed to plaintiff inasmuch as they engaged in "something extra," "something more," and "affirmative[] negligent acts[.]" (Id. at para. 7.)[2]

In their respective Answers to plaintiff's First Amended Petition, defendants each deny plaintiff's substantive allegations and, further, contend that plaintiff's allegation of "something more" merely states a legal conclusion. In addition, each defendant proffers affirmative defenses which include a claim that

---

[2]To maintain a negligence action against a co-employee outside the realm of Missouri's workers' compensation laws, the "something more" doctrine requires the injured worker to allege something more than the co-employee's failure to implement the employer's duty of providing a safe workplace. State ex rel. Chang v. Ely, 26 S.W.3d 214, 217 (Mo. Ct. App. 2000). Instead, the injured worker must demonstrate circumstances showing a personal duty of care owed by the defendant to the injured worker, separate and apart from the employer's non-delegable duties to the injured worker, and that breach of this personal duty proximately caused the worker's injuries. Gunnett v. Girardier Bldg. & Realty Co., 70 S.W.3d 632 (Mo. Ct. App. 2002).

plaintiff's claims relating to breach of the union agreement are preempted by Section 301 of the LMRA, 29 U.S.C. § 185(a); and that plaintiff's claims of negligence are barred by the Missouri workers' compensation law, Mo. Rev. Stat. § 287.120.2.[3]

A.    Preemption by the LMRA

Section 301 of the LMRA, 29 U.S.C. § 185, completely preempts state law claims, including tort claims, that involve the interpretation and application of a collective bargaining agreement.    United Steelworkers of Am. v. Rawson, 495 U.S. 362, 368-69 (1990).    In its Memorandum and Order entered October 20, 2008, denying plaintiff's Motion to Remand (Doc. #15), this Court determined that federal question jurisdiction existed over this cause of action given that "evaluation of plaintiff's claims [would] require substantive analysis and interpretation of the terms of the labor agreement such that Section 301 of the LMRA [applied.]" (Memo. & Order at p. 6.)

> A reading of plaintiff's Petition shows that to address her state law claims of negligence relating to workplace safety, the collective bargaining agreement would need to be

---

[3]Attached to each of the defendants' Answers is a copy of plaintiff's original and amended Claims of Compensation directed to the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation, submitted in relation to the February 3, 2005, accident; and a copy of the Stipulation for Compromise Settlement executed between plaintiff and defendant Permacel Automotive whereby Permacel agreed to a lump sum payment relating to the accident, and plaintiff agreed to hold Permacel harmless. The Stipulation was approved by an administrative law judge on February 15, 2006.

consulted, interpreted and analyzed to
determine whether and to what extent
defendants' alleged negligent actions violated
a duty owed to plaintiff, and specifically,
the duty to provide a safe work environment.
Plaintiff herself avers in her memorandum
supporting the instant motion that she
specifically invoked the union agreement as
"an element of her state-law claims" and that
the agreement is referenced in her Petition
"merely . . . as a means of creating duty, the
violation of which may constitute negligence
under Missouri law."

(Id. at pp. 5-6.)

Inasmuch as plaintiff argued that the source of the defendants'
duty to provide a safe working environment was the union agreement,
it was apparent to the Court that the determination of plaintiff's
claims would be substantially dependent upon analysis of the terms
of the union agreement made between the parties. (Id. at p. 6.)
As such, Section 301 of the LMRA applied, thereby preempting
plaintiff's state law claims of negligence.

In the instant motion for judgment on the pleadings,
defendants argue that because the union agreement is "central to
Plaintiff's claims," thereby rendering plaintiff's claims
completely preempted by the LMRA, the Court should dismiss
plaintiff's claims to the extent they are based on the union
agreement. (Defts.' Memo. in Supp., Doc. #18, at pp. 12-13.)
Other than citing complete LMRA preemption, defendants identify no
other bases upon which to dismiss these claims outright. In a
similar circumstance, the Honorable George F. Gunn, Jr., determined

that something more than mere preemption was needed to dismiss LMRA claims:

> For dismissal . . . , defendant argues that plaintiff's defamation claim is preempted by federal labor law. A conclusion of such preemption would not in itself subject plaintiff's defamation claim to dismissal, as defendant seems to imply. Rather, plaintiff's failure to comply in some way with the federal law would also have to be established.

Scott v. General Motors Corp., 645 F. Supp. 914, 916 (E.D. Mo. 1986).

In Scott, Judge Gunn went on to dismiss the LMRA-defamation claim finding that it had been established that plaintiff had failed to exhaust the grievance procedure as set out in the collective bargaining agreement. Id. In the instant case, however, other than their bare assertion of preemption, defendants make no attempt to establish that plaintiff has failed to comply in some way with federal law which would justify dismissal.

On the information presently before the Court, therefore, it cannot be said that defendants have established that they are entitled to judgment as a matter of law as to plaintiff's LMRA claims such that entry of judgment on the pleadings would be appropriate.

B.    Exclusivity of Missouri Workers' Compensation Law

Defendants contend that Missouri's workers' compensation law, Mo. Rev. Stat. § 287.120, provides the exclusive remedy by

- 7 -

which an employee may recover for injuries covered by its provisions and that, therefore, plaintiff's instant tort claims of negligence for failing to provide a safe workplace are barred. In addition, defendants argue that plaintiff's First Amended Petition fails, as a matter of law, to adequately invoke the "something more" exception to Missouri's workers' compensation law.

As discussed above, this Court has previously determined that, in the circumstances of this case, plaintiff's claims of negligence are completely preempted by the LMRA. It appears incongruous to the Court for defendants to argue on the one hand that because interpreting the union agreement is "central to plaintiff's claims" of negligence, the LMRA is the exclusive route by which such claims may be determined; and to argue on the other hand that state workers' compensation laws provide the exclusive remedy for these same claims of negligence. Inasmuch as plaintiff's state tort claims of negligence have been determined to be preempted by the LMRA, the Court is disinclined to dismiss such claims on the basis of a state's workers' compensation laws. Indeed, the undersigned is unaware of any authority upon which it may dismiss LMRA claims on the basis of state law, and defendants cite to none.

To the extent plaintiff's invocation of the "something more" exception to Missouri's workers' compensation law asserts a claim outside the LMRA inasmuch as such a claim alleges a violation

of a personal duty of care as opposed to a duty arising from the union agreement, defendants' motion for judgment on the pleadings on such claim will be held in abeyance pending resolution of the viability of plaintiff's claims under the LMRA.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion for Judgment on the Pleadings Based on Lack of Subject Matter Jurisdiction (Doc. #17) is denied without prejudice to the defendants to reassert their arguments in a properly supported motion for summary judgment.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _8th_  day of April, 2009.